IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAROLD COMBS**

        **Plaintiff,**

                                **Case No. 2:15-cv-00702**
  **v.**                            **Judge Marbley**
                                **Magistrate Judge King**

**JASON BUNTING,** *et al.*,

        **Defendants.**

ORDER AND
REPORT AND RECOMMENDATIONS

This matter is before the Court on plaintiff's *Order to Show Cause for an* [sic] *Preliminary Injunction and Temporary Restraining Order*, ECF No. 29 ("*Motion for Interim Injunctive Relief*"), on plaintiff's *Motion to Supplement Pending Motions,* ECF No. 29, and on certain defendants' *Motion to Dismiss*, ECF No. 32.[1] For the following reasons, it is **RECOMMENDED** that plaintiff's *Motion for Interim Injunctive Relief* be **DENIED** and that the *Motion to Dismiss* be **GRANTED**.

PLAINTIFF'S CLAIMS

This is a prisoner civil rights action asserting claims of unsafe housing assignments, denial of medical care, retaliatory transfers, and denial of access to the prison library. *See generally Amended Complaint*, ECF No. 8. Named as defendants are a state agency and employees of the Ohio Department of Rehabilitation and Correction

---

[1] The other defendants filed an answer to the *Amended Complaint. Answer*, ECF No. 33.

1

("ODRC"), the Marion Correctional Institution ("MCI"), and the Pickaway Correctional Institution ("PCI").

The *Amended Complaint* alleges that defendant Bunting, the warden at MCI, failed to investigate plaintiff's complaints about dangerous housing conditions, *id*. at PAGEID# 129-30, and that "Mr. Chattman," the deputy warden at MCI, knew of plaintiff's complaints regarding medical care and housing, but failed to investigate or intervene before plaintiff injured himself, *id*. at PAGEID# 130. "R.D. Smith," the "Institutional Inspector, MCI," was "fully aware of plaintiff's struggles with the medical department," and also failed to investigate plaintiff's claims that he was entitled to particular protection under the Americans with Disabilities Act ("ADA"), had been denied medical care, and was housed in unsafe conditions. *Id.*

The *Amended Complaint* also alleges that defendant Polly Schmalz, "Health Care Administrator, MCI," who took a "personal dislike of plaintiff," discontinued plaintiff's medications and treatment, and denied plaintiff "ADA status," which resulted in plaintiff's unsafe housing which, in turn, led to a rotator cuff tear in plaintiff's right shoulder. *Id*. at PAGEID# 131. Defendant Ferguson "refused to accept or acknowledge information from the safety officer at MCI, that plaintiff Combs was ADA classified and should not be housed in dorm 2, where he fell and sustained a shoulder injury." *Id.* It is further alleged that defendant Ferguson retaliated against plaintiff by threatening to transfer him to "North Central Correctional Complex." *Id.* at PAGEID# 131-32.

The defendant "Ohio Department of Classification" is alleged to

have retaliated against plaintiff by transferring plaintiff four times in less than two years in a purposeful attempt to cause plaintiff pain and suffering. *Id.* at PAGEID# 132. Defendant members of the "Collegial Review Board," Dr. Eddy, Dr. Woods, Mona Parks, and John Garner, are alleged to have refused to provide to plaintiff an "MRI and possible surgery to his right shoulder injury." *Id.* at PAGEID# 133.

Plaintiff alleges that he spoke with and was promised assistance by defendant Lisath, warden of PCI, but that defendant Lisath failed to investigate or assist plaintiff. *Id.* at PAGEID# 133-34.

"Ms. Harris, ADA Inmate Coordinator," is alleged to have failed to answer plaintiff's "reasonable accommodation request forms within ten (10) working days," in violation of official policy at PCI. *Id.* at PAGEID# 134. Defendant Dr. Hale, who is allegedly responsible for the medical treatment of plaintiff at PCI and who prescribed many of his medications, *id.* at PAGEID# 134-35, is alleged to have discontinued plaintiff's medical treatment and failed to provide plaintiff with adequate medical care. *Id.*

"Mary Lawrance, Institutional Inspector PCI" is alleged to have threatened to place plaintiff in segregation for submitting too many complaints, used her authority to "deny his and other inmates' state and federal constitutional rights," and discouraged inmates at PCI from submitting complaints. *Id.* at PAGEID# 135.

The *Amended Complaint* alleges that defendant Frazier Hospital Center is responsible for plaintiff's denial of adequate medical care. *Id.* at PAGEID# 136.

Finally, plaintiff alleges that defendant Pickaway Institutional

3

Librarian "has rules, policies, and procedures that deny inmates with disabilities access to the library facility" because the facility is located on the second floor of PCI and plaintiff cannot climb the stairs to the library. *Id.*

## MOTIONS

On July 30, 2015, plaintiff filed the *Proposed Order to Show Cause and Supporting Exhibits*, ECF No. 29, ("*Motion for Interim Injunctive Relief*"), which the Court construed as a motion for interim injunctive relief. *See Order*, ECF No. 30. In that motion, plaintiff asks the Court to direct defendants "Ohio Department of Rehabilitation and Correction, Classification Committee, and [PCI] Warden Jeff Lisath" to show cause why plaintiff should not be transferred to a "medical facility, more suited to his age and medical conditions." *Id.* at PAGEID# 276. Defendants oppose this motion, contending that plaintiff has failed to establish a likelihood of success on his claims and irreparable harm, and because grant of the *Motion for Interim Injunctive Relief* would substantially harm defendants' "penological interests." *Response in Opposition to Motion for Interim Injunctive Relief*, ECF No. 34.

On August 10, 2015, defendants Bunting, Chattman, Smith, Ohio Department of Classification, Lisath, Harris, Frazier Hospital Center Healthcare Administrator (Mary Roush), and PCI Librarian filed the *Motion to Dismiss*, contending that plaintiff has failed to state a claim against them, invoking qualified immunity and the Eleventh Amendment, and arguing that some of the claims raised by the plaintiff in the *Amended Complaint* were foreclosed by the Court's initial screen

4

of the *Complaint*. *See generally Motion to Dismiss*. Plaintiff opposes the *Motion to Dismiss* and reiterates the arguments made in his *Motion for Interim Injunctive Relief*. *Response in Opposition re Motion to Dismiss*, ECF No. 38. Plaintiff has also filed numerous supplemental documents in support of his filings and has filed the *Motion to Supplement Pending Motions*, ECF No. 39, requesting leave to amend the *Motion for Interim Injunctive Relief* and plaintiff's *Response in Opposition re Motion to Dismiss* by adding additional exhibits and evidence. *See*, *e.g.*, *Affidavit*, ECF No. 41; *Notice*, ECF Nos. 42-45. Plaintiff's *Motion to Supplement Pending Motions* is **GRANTED.** The Court will consider the documents attached to that motion and plaintiff's other supplemental filings in its consideration of the *Motion for Interim Injunctive Relief* and the *Motion to Dismiss*.

### 1. *Motion for Interim Injunctive Relief*

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek interim injunctive relief if he believes that he will suffer irreparable harm or injury without such relief. Fed. R. Civ. P. 65(a), (b). The decision whether to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982); *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). An injunction, however, is an extraordinary remedy that should be granted only after a court has considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to

>others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)). These four considerations are factors to be balanced. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). The movant bears the burden of establishing that "the circumstances clearly demand" this extraordinary relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary*, 228 F.3d at 739). "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (citing *DeLorean*, 755 F.2d at 1228). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

In the case presently before the Court, plaintiff moves for interim injunctive relief against defendants Lisath, the warden at PCI, and the Ohio Department of Classifications, seeking his transfer to "FRANKLIN MEDICAL CENTER, OR A LIKE FACILITY, to ensure he will recieve [sic] adequate medical treatments for his TORN ROTATOR CUFF," among other listed injuries. *Motion for Interim Injunctive Relief*, PAGEID# 276-77. However, for the reasons stated *infra,* the Court concludes that plaintiff has failed to state a valid claim against either defendant Lisath or defendant the Ohio Department of

6

Classifications. Under these circumstances, plaintiff has failed to establish a basis for his requested interim injunctive relief. *See Mich. State AFL-CIO v. Miller*, 103 F.3d at 1249.

### 2. *Motion to Dismiss*

The moving defendants seek dismissal of the claims asserted against them on a number of grounds, including for failure to state a claim for relief.  *See* Fed. R. Civ. P. 12(b)(6). A claim may be dismissed if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46(1957)). Although a claim need not contain detailed factual allegations, the claim must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, the claim must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Although *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* 556 U.S. at 678 (internal quotation marks omitted).

Although plaintiff does not expressly invoke the provisions of 42 U.S.C. § 1983 in the *Amended Complaint*, the Court construes plaintiff's various claims as claims under that statute. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, not itself a source of substantive rights, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

### a. Applicable Standards

#### i. Liability of Supervisors

A supervisory official may not be held liable under 42 U.S.C. § 1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).  Liability on the part of a supervisor must be based on "active unconstitutional behavior."  *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Furthermore, "[p]rison

8

officials are not liable under § 1983 for denying or failing to act on grievances." *Barnett*, 414 Fed. App'x at 787.

### ii. State Agencies

State agencies are absolutely immune from suit in federal courts by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

### iii. Access to the Courts

The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith,* 430 U.S. 817 (1977); *Clark v. Corrections Corp. of America*, 113 Fed. App'x 65, 67 (6th Cir. 2004). Although the Constitution assures "adequate, effective, and meaningful" access, *Bounds*, 430 U.S. at 822, the right is nevertheless not unlimited.  For example, the right relates only to challenges to the inmate's conviction or sentence or to challenges to the conditions of confinement.  *Lewis*, 518 U.S. at 355. Moreover, restrictions on the time, place and manner in which inmates may engage in legal research and draft legal documents are permissible so long as the restrictions do not unreasonably impede the right of access to the courts.  *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).  Furthermore, inmates

have no independent constitutional right of access to computers, *see White-Bey v. Griggs*, 43 F.App'x 792 (6th Cir. 2002); *Lehn v. Hartwig*, 13 F.App'x 389, 392 (7th Cir. 2001), nor do they have a First Amendment right of access to typewriters, *Mulazim v. Bailey,* 107 F.3d 12 (Table), 1997 WL 48988, *1 (6th Cir. February 4, 1997).

### b. Discussion

#### i. Defendant Bunting

*The Amended Complaint* alleges that "defendant Bunting was kited by plaintiff/inmate Combs, advising him of unsafe and illegal assigned housing at Buckeye Unit, Dorm #2," and that "Warden Bunting failed to investigate these allegations." *Id.* at PAGEID# 129. Plaintiff does not allege that defendant Bunting participated in plaintiff's housing assignment at MCI. To the extent that the *Amended Complaint* seeks to base liability on Defendant Bunting's supervisory position as warden, the claim is insufficient. *See Combs*, 315 F.3d at 554. Moreover, the mere fact that defendant Bunting failed to respond to plaintiff's kite is likewise insufficient. *See Barnett*, 414 Fed. App'x at 787. Therefore, even accepting plaintiff's allegations as true, the *Amended Complaint* does not state a valid claim against defendant Bunting.

#### ii. Defendant Chattman

Plaintiff alleges that defendant Chattman, the deputy warden at MCI, was also the supervisor of MCI's medical department. According to the *Amended Complaint,* defendant Chattman, despite having been "advised, via a number of kites," failed to investigate or intervene in connection with plaintiff's "alleged denial of adequate medical care by Polly Schmalz" and "was also aware of plaintiff's unsafe

10

housing." *Id.* at PAGEID# 130. Again, it appears that plaintiff seeks to base this defendant's liability on his supervisory position. There is no allegation that this defendant encouraged or otherwise participated in the alleged denial of medical services or plaintiff's housing assignment. This Court therefore concludes that the *Amended Complaint* fails to state a claim against defendant Chattman upon which relief can be granted. *See Combs*, 315 F.3d at 554.

### iii. Defendant Smith

The *Amended Complaint* alleges that defendant Smith, MCI's institutional inspector, failed to investigate plaintiff's claims of protected status under the ADA, denial of adequate medical care, and unsafe housing conditions. *Id.* at PAGEID# 130. Plaintiff's claim against defendant Smith is based on plaintiff's dissatisfaction with this defendant's response to plaintiff's grievances. However, such allegations are simply insufficient to state a claim for relief under § 1983. *See Barnett*, 414 Fed. App'x at 787. The *Amended Complaint* fails to state a valid claim against defendant Smith.

### iv. Defendant Ohio Department of Classification

The *Amended Complaint* alleges that defendant "Ohio Department of Classification, Ohio Department of Rehabilitation and Corrections," or the Bureau of Classification, made "obvious errors. . . in the transfers of plaintiff" and that his transfer "four times (4), in less than two (2) years" amounted to "cruel and unusual punishment" and a "lack of due process." *Id.* at PAGEID# 132. This defendant is a state agency that is absolutely immune from suit in this Court, *see Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, and which is not a "person"

11

subject to suit under 42 U.S.C. §1983, *see Will v. Michigan Dep't of State Police,* 491 U.S. 58.  Accordingly, the claim against the defendant Ohio Department of Classification cannot proceed.

### v. Defendant Lisath

Plaintiff claims that he contacted defendant Lisath, warden of PCI, about his medical issues and his transfer to PCI, but that this defendant failed to help plaintiff. *Amended Complaint*, PAGEID# 133-34. Again, plaintiff appears to base liability on this defendant's supervisory position. The *Amended Complaint* fails to state a claim for relief against defendant Lisath. *See Combs v. Wilkinson*, 315 F.3d at 554.

### vi. Defendant Harris

The *Amended Complaint* alleges that defendant Harris, ADA Inmate Coordinator at PCI, failed to answer plaintiff's reasonable accommodation requests within ten working days, in violation of a "rule." *Id.* at PAGEID# 134. As a result, plaintiff suffered "undue hardship in his living conditions while housed at PCI." *Id.* Plaintiff never identifies this "rule" and the *Amended Complaint* offers no basis for concluding that defendant Harris, in failing to respond to plaintiff's requests within ten days, violated plaintiff's rights under the Constitution or laws of the United States. Consequently, the *Amended Complaint* fails to state a valid claim against defendant Harris.

### vii. Defendant Frazier Hospital Healthcare Administrator

The *Amended Complaint* characterizes defendant Frazier Hospital Healthcare Administrator (Mary Roush) as responsible for "all

employees and their decisions concerning inmate medical services" and "for services or lack of services plaintiff received since arriving at PCI." *Id.* at PAGEID# 136. Plaintiff alleges that he filed "a number of informal complaints, kites, and grievances requesting medical treatment, or complaining of medical staff and denial of some needed medical services." *Id.* These allegations are clearly claims based on this defendant's supervisory position and are simply insufficient to state a claim for relief against this defendant. *See Combs v. Wilkinson*, 315 F.3d at 554. *See also Barnett*, 414 Fed. App'x at 787.

### viii. Defendant PCI Librarian

The *Amended Complaint* alleges that defendant PCI Librarian, identified as Nnacho Igwe, *Motion to Dismiss*, PAGEID# 353, maintains "rules, policies, and procedures that deny inmates with disabilities access to the library facility." *Id.* at PAGEID# 136. Plaintiff specifically alleges that the library's location on the second floor of the facility is unavailable to him because of his inability to climb the stairs to the second floor. *Id*. Plaintiff also alleges that the library's failure to provide "ribbon" for a typewriter for plaintiff's use denies PCI inmates with disabilities access to library facilities and equipment. *Id.*

As noted *supra*, a claim of denial of access to the courts requires an allegation of actual injury, *i.e.,* the loss of or interference with a non-frivolous, constitutionally protected claim. *Lewis,* 518 U.S. at 351; *Walker*, 771 F.2d at 932. The *Amended Complaint* makes no such allegation. The claim against defendant PCI Librarian cannot, therefore, proceed.

13

It is therefore **RECOMMENDED** that plaintiff's *Motion for Interim Injunctive Relief*, ECF No. 29 be **DENIED** and the *Motion to Dismiss*, ECF No. 32 be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which

fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

January 8, 2016
                                                *s/  Norah McCann King*
                                                Norah McCann King
                                                United States Magistrate Judge